THE RED BANK MUTUAL BUILDING AND LOAN ASSOCIATION *vs.* PATTERSON and others.

1. A mortgage given to a building and loan association by a holder of its stock, is not usurious, because it requires monthly payments of interest, besides fines and impositions, in accordance with the provisions of its constitution.

2. In such a case, as between the association and a second mortgagee of the mortgaged premises, the stock held by the association as collateral security, was ordered to be sold, and the proceeds applied to the payment of the amount due on the mortgage, before recourse was had to the mortgaged premises.

Bill to foreclose.   On final hearing on pleadings and proofs.

*Mr. Charles H. Trafford,* for complainants.

*Mr. R. Allen, Jr.,* for the holder of the second mortgage.

THE CHANCELLOR.

The complainants are a corporation under the " act to encourage the establishment of mutual building and loan associations." *Nix. Dig., p.* 92. · The defendant, John H. Patterson, being the holder of ten shares of the stock, obtained from the association an advance of the amount of those shares to him, and gave his bond and mortgage as security, under and according to the provisions of the constitution. The bond is in the penalty of $2000, and is conditioned for the payment by Patterson or his heirs, executors or administors, to the association, of interest for that sum, monthly, at the rate of seven per cent. per annum, payable on or before the second Tuesday of each and every month, from and after the date of the bond, and also all the monthly dues or installments which thereafter should become due and payable on the shares, as well as all fines and other impositions whatsoever, which might be lawfully charged against him or them as the holder or holders of the shares or of the loans, until there should be sufficient money on hand and due to the association to divide to each share of the capital stock the sum of $200, over and above all its debts and liabilities, and the loans be thereby, in pursuance of the constitution of the association, fully satisfied and paid.

The proviso of the mortgage was to the same effect, but contained a provision for insurance, &c.   The complainants' mortgage is the first encumbrance on the property.   The

Williamson and Upton *v.* N. J. Southern R. R. Co.

holder of the second mortgage insists that the complainants' mortgage is usurious, because it requires monthly payments of interest, besides covering fines and impositions. The question thus raised was decided in this court, in *Mechanics Building and Loan Association* v. *Conover*, 1 *McCarter* 219, and *Savings Association* v. *Vandervere*, 3 *Stockt.* 387. The suit in the first-mentioned case was upon a mortgage similar to that of the complainant here, and the conclusion of the court, after a very full consideration of the same objection made in this cause, was that the defence of usury was not sustained, and that the association were, by reason of the mortgagor's default, entitled to a decree for the amount of the shares and the accrued interest thereon.

In this case the complainants are entitled to a decree for $2000 and the accrued interest, and the insurance premiums.

They will be required to sell the stock which they hold as collateral security, and apply the proceeds of the sale to the payment of the amount due on their mortgage, before having recourse to the mortgaged premises.