THE PHILLIPSBURG MUTUAL LOAN AND BUILDING ASSOCIATION *vs.* HAWK and others.

Stock, assigned by a shareholder of a loan and building association as collateral security to a mortgage, (the first upon the mortgaged premises,) given by him to the association, will, as between the association and a second mortgagee of the land, be applied to the payment of the mortgage before recourse is had to the land ; and this equity will not be defeated by a levy on the stock under a judgment against the mortgagor.

Bill to foreclose. On final hearing on pleadings and proofs.

*Mr. B. C. Frost,* for defendant Vought.

*Mr. J. F. Dumont,* for defendant Hawk.

THE CHANCELLOR.

The complainants' mortgage was executed on the 26th of March, 1868, and was recorded on the 31st day of the same month. On the 5th of April, 1875, the mortgagor executed another mortgage on the same land to the defendant Joseph Hawk. On the 11th of August, in the last-mentioned year, the defendant Vought recovered a judgment against the mortgagor in the Supreme Court of this state, and, as is alleged, under an execution issued thereon, levied on certain shares of the stock of The Phillipsburg Mutual Loan and Building Association, the complainants, which, at the time of the execu-

tion and delivery of the complainants' mortgage, belonged to the mortgagor, and were then assigned to them, by him, as collateral security to their mortgage debt. The holder of the second mortgage claims an equity to have the stock applied to the payment of the first mortgage before recourse is had to the land. The judgment creditor, on the other hand, denies this equity, and claims a right, by virtue of his levy, to apply the stock to the payment of his judgment. There is no legal evidence in the case of any execution or levy. But, apart from this, the question between these defendants was decided in favor of the mortgagee, under precisely the same conditions, in the case of *Herbert* v. *Mechanics' Building and Loan Association*, 2 *C. E. Green* 497, reversing, on this point, the decision of the Chancellor in the same case, sub nomine *Mechanics' Building and Loan Association* v. *Conover*, 1 *McCarter* 219. The question submitted has been presented without reference to the sufficiency of the pleadings for a decree upon the merits of the controversy. The bill is silent on the subject of the stock. A cross-bill will, therefore, be necessary to enable the court to make a decree for the sale thereof. On the case submitted, there would be a decree, if the pleadings would warrant it, that the stock be applied to the payment of the complainants' mortgage before recourse is had to the land.