Langstroth v. Golding.

ESTHER ALICE LANGSTROTH

*v.*

JOHN FREDERICK GOLDING, executor &c., et al.

1. Under the following clause in a will: "Having $2,000 out at interest at seven per cent., it is my will that the said sum shall be kept invested by my executor till my granddaughter E. M. J. shall arrive at the age of twenty-five years, when I direct that the said sum of $2,000 shall be equally divided between her and my husband * * * In the event of my husband's death before my granddaughter arrives at the age of twenty-five years, his share of said $1,000 to go to his legal representatives or such person or persons, in such share or shares, as he may by will direct."—*Held,* that the gift of the $2,000 was a general legacy, the testatrix's reference to its being "invested" in a particular way not being an important part of the description, and the $2,000 being only a part of her whole investment, which was $2,400; and *Held also,* that testatrix's husband having died before her, intestate, and the $2,400 having all been paid in to testatrix during her lifetime, his share thereof ($1,000) went to his legal representatives.

2. Under a devise of a house and lot, subject to a mortgage of $6,000 thereon—*Held,* that the devisee was entitled to the benefit of a payment of $1,000 made by the testatrix on account of the principal after she had executed her will.

3. A general direction to two executors to pay testatrix's debts, and a devise to one of them, which he has accepted, neither renders him personally liable therefor nor the lands devised to him. Her debts are chargeable first on the residue, and the balance, if any, on the specific legacies and specific devises, ratably.

4. A share of the residue lapsed by the death of the legatee in the lifetime of the testatrix.—*Held,* that she died intestate thereof; *held also,* that, under the circumstances, that share was first liable for the payment of the debts and equally liable with the rest of the residue for the payment of the legacies. All the personal estate was bequeathed specifically, and the residue was given in one mass after the gifts of the legacies, general and specific.

NOTE.—The testator's giving a mortgage to a devisee on the lands previously devised to him is not a revocation of such devise. *Stubbs* v. *Houston, 33 Ala. 555; McTaggart* v. *Thompson, 14 Pa. St. 149;* see *Hall* v. *Dench, 2 Ch. Rep 54; Perkins* v. *Walker, 1 Vern. 97; McLenahan* v. *McLenahan, 3 C. E. Gr. 101; Thomas* v. *Thomas, 2 C. E. Gr. 356; Wetmore* v. *Peck, 66 How. Pr. 54; Bates* v. *Underhill, 3 Redf. 365;* or giving a stranger a lease of the premises for years, to commence after testator's death, *Hodgkinson* v. *Wood,*

Langstroth *v.* Golding.

Bill for construction of will. On final hearing on pleadings and proofs.

*Mr. W. H. Davis*, for complainant.

*Messrs. Parmly, Olendorf & Fisk*, for the executor.

*Mr. John Griffing*, for the Andersons.

THE CHANCELLOR.

The bill is filed for a construction of the will of Esther M. Golding, deceased, late of Jersey City, who died May 27th, 1879. The will is dated April 8th, 1879. By the first clause, the testatrix directed her executors to pay her debts and funeral and testamentary expenses. By the second, she gave to the complainant, her granddaughter, by the name of Esther Maria Johnson, her jewelry and personal ornaments. By the third, she devised in fee to her son, John Frederick Golding, her house and lot, No. 242 East Fiftieth street, New York, where she then resided, subject to the mortgage of $6,000 and accrued interest thereon, and subject to the right of his father, her husband, John Frederick Golding, to occupy one of the rooms in the house, and she also, in that clause, gave to her son John all the furniture, carpets &c., and other articles in the house belonging to her and not specifically bequeathed to the complainant. By the fourth, she gave the use of the before-mentioned room to her husband. The fifth clause is as follows:

"Having $2,000 out at interest at seven per cent., it is my will that the said sum shall be kept invested by my executor till my granddaughter, Esther Maria Johnson, shall arrive at the age of twenty-five years, when I direct that the said sum of $2,000 shall be equally divided between her and my husband, John Frederick Golding. It is my will that so long as my son, husband and

*Cro. Car. 23 ; Lamb* v. *Parker, 2 Vern. 495 ;* or a lease to the devisee for testator's life and that of his wife, if she should survive him, *Zimmerman* v. *Zimmerman, 23 Pa. St. 375 ;* see, further, *Wiggin* v. *Swett, 6 Metc. 194 ; Lanning* v. *Cole, 2 Hal. Ch. 102 ; Hall* v. *Bray, Coxe 212.*

Where a testator directs his executors to pay his debts and legacies and then devises land to one of them, the land so devised is not chargeable therewith.

granddaughter can agree, they shall occupy the house I now reside in; my husband to have the room hereinbefore referred to and my granddaughter to have a comfortable room, comfortably furnished, and the accrued interest on said sum of $2,000, to be used and applied toward the interest on the mortgage upon the said house devised to my said son. Whenever my son, granddaughter and husband find it disagreeable to occupy the said house together, as above stated, and my granddaughter shall desire to leave the same, then it is my will that from and after that time the interest accruing on her share of said $2,000 be paid to her for her own use and benefit. In the event of my husband's death before my granddaughter arrives at the age of twenty-five years, his share of said $1,000 to go to his legal representatives or such person or persons, in such share or shares, as he may by will direct. In the event of my granddaughter Esther Maria dying before reaching the age of twenty-five years, leaving children. then the said $1,000 to go to her said children, share and share alike; and if she die without leaving children or any child, then said sum of $1,000 to be divided between my legal representatives as though I had died intestate."

By the sixth clause she gave, devised and bequeathed all the rest, residue and remainder of her estate, real and personal, to her son, John F. Golding, her granddaughter, the complainant, and her (the testatrix's) husband, John F. Golding. She appointed Rev. William McAllister, and her son, John F. Golding, executors and guardians of the person and estate of her granddaughter, the complainant. The will was proved June 9th, 1885, by her son alone, Mr. McAllister having died. The testatrix's husband predeceased her. He. died intestate. She left the following children, viz.: John Frederick Golding, Lucinda C. Andrew and Mahala Roden. Also the following children of her deceased daughters, viz.: Jeannie and William S. Anderson, children of her deceased daughter Esther, Charles A. King, son of her deceased daughter Cornelia, and Esther M. Johnson (the complainant), daughter of her deceased daughter Elizabeth. After the making of the will (it was, as before stated, made April 8th, 1879), and on the 1st of March, 1880, the tes-

*Braithwaite* v. *Britain*, 1 *Keen 206*; *Laurens* v. *Reed*, *14 Rich. Eq. 245, 263*; *Gaw* v. *Huffman*, *12 Gratt, 628, 634*; see *Dowling* v. *Hudson*, *17 Beav. 248*; *Bailey* v. *Bailey, L. R.* (*12 Ch. Div.*) *268*; *Read* v. *Cather, 13 W. Va. 263*; and so, if the lands are devised to the executors in unequal proportions, *Wasse* v. *Heslington, 3 Myl. & K. 495*; *Harris* v. *Watkins, Kay 438.*—Rep.

tatrix bought a house in Jersey City for $2,500, of which sum
she paid $1,800 in cash, and for the balance, $700, gave a mort-
gage upon the property. On the 23d of May following she,
having paid off the $700 mortgage, caused it to be canceled of
record. On the 25th of May following she gave a mortgage for
$1,000 upon the property, which is still an encumbrance thereon..
Between the time of the date of the will and her death she paid
$1,000 on account of the mortgage on the New York property,
and she received the $2,000 mentioned in the fifth clause of the
will. At the time of her death her entire property consisted of
the house and lot in New York, which at that time was subject
to a mortgage originally for $6,000 (but upon which $1,000 of
principal had been paid since she made the will), with interest
payable at five per centum per annum; the house and lot in
Jersey City, which was subject to a mortgage for $1,000; and
the personal property specifically given to the complainant,
appraised at $113.97, and that specifically given to the testatrix's
son, which was appraised at $576.02. Her debts and funeral
expenses will, it is supposed, amount to $500. The following
are the questions presented: first, whether the gift of $2,000
in the fifth clause of the will is a specific or a general legacy;
second, whether the share therein given to the testatrix's husband
lapsed by his death in the lifetime of the testatrix, and if not,
whether it goes to his next of kin; third, if the $2,000 legacy
is general, from whence is it to be paid? And further, from
what are the debts and funeral expenses to be paid?

The gift of the $2,000 is a general legacy. Whether the gift
of a sum of money "invested" in a particular way is specific or
not, depends upon the question whether the testator meant the
legatee to have the sum, however invested, or whether the actual
investment is the important part of the description. *Theob.
on Wills 31.* In this case the investment is not an important
part of the description; for the testatrix contemplated that it
might be changed. She provided for such change. The money
is to be *kept* invested until the complainant shall arrive at the
age of twenty-five years. The fact that the testator contemplated

such change has frequently been held to be evidence that the investment was not material.

Again, the gift was not of an entire sum invested, but only of part of a larger sum. The fund was $2,400. The reference to the fact that the money was invested was due to the consideration that it was well invested, at a high legal rate of interest, on property in New York, and she desired that it should be kept well invested until the complainant had attained the age of twenty-five years. In *Gillaume* v. *Adderley, 15 Ves. 384,* the gift of a sum of £5,000, or fifty thousand current rupees, afterwards described as "now vested in the [East India] company's bonds," was held to be not a specific but a general legacy. In *Le Grice* v. *Finch, 3 Meriv. 50,* a bequest of £500, which the testatrix and her mother then had out upon mortgage, was held to be a general and not a specific legacy. In *Sparrow* v. *Josselyn, 16 Beav. 135,* a gift of £10,000 sterling, being the testator's share of the capital then engaged in a certain banking business, was held to be a general legacy. In *Mytton* v. *Mytton, L. R. (19 Eq.) 30,* a legacy of the sum of "£3,000 invested in Indian security," was held to be general and not specific. See, also, *Bevan* v. *Attorney-General, 4 Giff. 361.*

The legacy of $1,000 (half of the sum of $2,000 bequeathed by the fifth clause of the will) given to the testatrix's husband on the complainant's attaining to the age of twenty-five years, with provision that in case he should die before that time it should go to his legal representatives, lapsed as to him by his death in the testatrix's lifetime, but not as to his legal representatives. *Willing* v. *Baine, 3 P. Wms. 113; Hawk. Wills 244.* He died intestate. The $2,400 were all paid in before the testatrix's death, as before stated.

The pecuniary legacies (those given by the fifth clause) are charged upon the residue. *Corwine* v. *Corwine, 9 C. E. Gr. 579.* If that prove insufficient, the legatees will have no right of recourse to the property given in specific legacies. *1 Rop. on Leg. 356.*

The persons, other than John F. Golding the son, who claim the legacy of $2,000, insist that he is chargeable with their

shares of that legacy, because he is executor of the will and real estate is thereby devised to him, which he has accepted. The proposition cannot be maintained. The case cited, *Brown* v. *Knapp, 79 N. Y. 136,* does not support it. It applies the rule that when a legacy is given and the will directs that it be paid by a person to whom real estate is thereby devised, and such person accepts the devise, the devisee personally and the land devised are charged with the payment of the legacy. In that case the devisee was the executor. But in the case in hand there is no direction in the will that the son pay the legacy.

Nor is the son chargeable with the $1,000 paid upon the mortgage of the New York property after the making of the will. That property was devised to him, "subject to the mortgage of $6,000." The devise is not a devise subject to a charge in favor of the estate, but a gift of the property subject to the encumbrance thereon, and the devisee is entitled to the benefit of the reduction of the mortgage by the testatrix.

The residuary clause gives to the three persons therein named —the complainant, the testatrix's son and the testatrix's husband—all the rest, residue and remainder of the estate, real and personal. As before stated, the husband predeceased the testatrix. The devisees, under the terms of the clause, were tenants in common. *Rev. p. 167 § 78.*

The testatrix must be held to have died intestate as to the share of her husband which lapsed. *Hand* v. *Marcy, 1 Stew. Eq. 59.*

All the personal estate (it was appraised at $689.99) was given specifically by the will to the complainant and the testatrix's son, John F. Golding. The amount of the debts is estimated at about $500. John F. Golding is not, nor is the land specifically devised to him, chargeable with the debts. Though he has accepted that land under the will, and the will directs that the debts and funeral expenses be paid by the executors, the direction is merely formal. There were two executors, and property was given by the will to only one of them. *Warren* v. *Davies, 2 Myl. & K. 49; Theob. Wills 469.* The residue is first liable for the payment of the debts and general legacies,

and then the lands specifically devised and the specific legacies are together liable to pay ratably any deficiency.  *Long* v. *Short,* *1 P. Wms. 403 ; Shreve* v. *Shreve, 2 C. E. Gr. 487 ; Thomas* v. *Thomas, Id. 356.*  The testatrix, by giving the whole of the residue of her estate, real and personal, in one mass, after giving the legacies, specific and general, evinced the intention to charge the legacies on the residuary estate, and though the gift as to one-third of the residue has lapsed, that third is equally liable with the rest to the payment of the general legacies.  But in payment of the debts the share of the residue devised to the husband, and of which the testatrix died intestate, is first liable.