WILLIAM G. HALKETT

*v.*

LEONARD YOUNG et al.

[Argued July, 1907.   Decided October 8th, 1907.]

1. In a contest between mortgagees in foreclosure proceedings a junior encumbrancer is entitled to enforce the rule as to marshaling securities as against a prior encumbrancer to a building and loan association holding in addition to its real estate mortgages certain shares of its own stock assigned to it as collateral security simultaneously with the making of its said mortgages, where it is clear from the evidence that the sole purpose of the assignments of such shares of stock at the time of the making thereof was to protect and secure the repayment of the loans then made.

2. In such case the mortgages held by the association must be treated as building and loan association mortgages, as between the mortgagor and anyone claiming under him and the association, although not made in the ordinary form in which mortgages to such associations are usually drawn, but in such form as mortgages would be made by one person to another for an ordinary loan.

On exceptions to master's report.

*Mr. William M. Clevenger,* for the complainant.

*Messrs. Godfrey & Godfrey,* for the Mutual Building and Loan Association of Atlantic City, defendant.

MAGIE, CHANCELLOR.

The exceptions to the master's report were brought to hearing before Vice-Chancellor Grey upon the last day on which he sat at chambers. He immediately dictated an opinion indicating his view that the exceptions should be sustained. This opinion was never revised, nor was any order sustaining the exceptions advised. The matter was brought to my attention after the death of the vice-chancellor, and has been re-argued before me.

The situation of the case is this: Complainant filed his bill to foreclose a mortgage given to him by Leonard Young and wife, upon property in Atlantic City. There were, at that time, three previous encumbrances upon the property. The first was a mortgage held by Mrs. Hand, who, being a party to this bill, consents to its being included in the decree. The second was a mortgage for $900 to the Mutual Building and Loan Association of Atlantic City. The third was a mortgage for $300 to the same association.

The contested question in this case relates to the association mortgages. At the time they were made, Young took out shares of stock of the association and assigned the same to it as collateral security for the moneys loaned to him. The contention of the complainant is that he is entitled in equity to have the value of those shares credited upon the sums due to the association upon the bonds of Young secured by both the mortgages and the assignments of stock. There is no contest but that Halkett, as a junior encumbrancer, has a right to require the prior encumbrancer, holding security upon two funds, to have the funds marshaled so that the superior lien should be satisfied, so far as may be, out of the fund upon which Halkett has no claim. Unless the evidence discloses that the

association, before it had actual notice of Halkett's mortgage, had acquired some legal or equitable title to the shares so assigned to it other than the title acquired as security for their two mortgages, I think the settled rule should be applied, and the sole question is whether, upon the proofs, it appears that the association has acquired any title to those shares which will prevent the operation of the doctrine.

The two mortgages to the association were not made in the form in which mortgages to such associations are usually drawn. They were such mortgages as would be made by one person to another for an ordinary loan. They were payable at a definite time and required the payment of interest half yearly. Notwithstanding their form, I think the evidence requires that they be considered as loans made by the associations under the power conferred by the legislation creating such associations. The evidence discloses that Young was required by the association to become a shareholder therein and to assign to it the shares taken as security, that on the books of the association Young was monthly charged with dues and fines on the shares, and also with monthly interest and premiums on the loans. The premiums required to be paid upon the loans amounted to eight per cent. thereon, which would make the transactions usurious unless these mortgages are treated as building and loan association mortgages. As between Young and anyone claiming under him and the association, I think they must be so treated.

The evidence further discloses that, at the time the loan of $900 was made by the association to Young, he was required to take out, and did take out, seven shares of the stock of the association. Upon the plan of organization, shares of the association became of the value of $300 each at maturity.

The first mortgage upon the property on which the $900 loan was secured was $1,200. The seven shares of stock, it appears by the evidence, were required not only to secure the loan of $900, but to save the association from loss upon the first mortgage of $1,200. When the loan of $300 was made by the association, Young was required to take out, and did take out, an additional share of stock of the association. At

the time of each loan Young assigned the shares of stock which he had been required to take out to the association. The assignments in each case were absolute on their face. There was no indication in the assignments that they were made as collateral security to the respective loans. But the evidence renders it perfectly clear that the sole purpose of the assignments at the time they were respectively made, was to protect and secure the repayments of the loans simultaneously made.

Afterward, and before Young made the mortgage to the complainant, the association loaned to Young $2,250, upon a mortgage upon other land than that on which Halkett took his mortgage; and at the time of that loan, Young took out and assigned to the association eight additional shares of its stock as collateral thereto. The association contends that the shares of stock previously assigned to it to secure the $900 and $300 loans are held by it to further secure the loan of $2,250.

It having appeared that the first two assignments of seven shares and one share were, in equity, made to secure the respective loans the owner thereof had a right to assign them absolutely or to secure the subsequent loan of $2,250, but in my judgment, there is no evidence that any assignment of those shares to secure the later mortgage ever took place. Mr. Young evidently did not contemplate the last mortgage at the time of the two first loans. There is nothing to indicate that when the last loan was procured, Young agreed that any shares of stock should be held by the association to secure that loan other than those which were simultaneously taken out and assigned. In Young's application for the loan of $2,250 he proposes to assign to the association, as collateral security therefor, eight shares of its stock in another series than those in which the previous shares were held by him. There is evidence from the secretary of the association, that the association understands that the stock assigned to it may be held by it to secure any indebtedness, present or future, of the assignor. This claim cannot be supported except upon proof that the assignor, subsequent to the first assignment for a particular purpose, has knowingly assented to the association holding the stock for a new loan. In the absence of such proof I think

the assignments to the association to secure the $900 and $300 loans have impressed the stock with the function of securing those respective loans and no others, and that Halkett is entitled in equity to have the value of that stock credited upon the amounts due upon the association's two mortgages, to the exoneration of the real property upon which Halkett"s mortgage has been made.

This seems to be adverse to the opinion of Vice-Chancellor Grey, but I am satisfied that had he come to revise and correct that opinion he would not have advised a decree to sustain the exceptions.

In my judgment the exceptions must be overruled and the report confirmed.