The complainant held a mortgage on land of the defendants, Metzger and Mulman, second to one held by a building and loan association. The building and loan association also held as additional collateral to its mortgage, shares owned by the defendants in the association. The complainant foreclosed *Page 308 
his mortgage and bought in the property at the sale, leaving a deficiency. Then the building and loan association called its mortgage. The complainant offered to redeem but the building and loan refused to credit the amount paid on the shares, claiming that the value of the shares was not appropriable to the mortgage debt until the shares matured. Mechanics Building and LoanAssociation v. Conover, 14 N.J. Eq. 219. After the filing of the present bill to redeem the building and loan mortgage, the complainant paid the full amount of the mortgage, and the shares were deposited in court. Metzger and Mulman claim them. So does the complainant.
The building and loan had two securities, the complainant but one, and between them it was the complainant's right to require the building and loan association to exhaust its collateral before resorting to the common security to pay its debt.Herbert v. Mechanics Building and Loan Association, 17 N.J. Eq. 497; Phillipsburg M.L. and B. Association v. Hawk, 27 N.J. Eq. 355; Sudbury v. Merchantville Building and LoanAssociation, 57 N.J. Eq. 342; Halkett v. Young, 73 N.J. Eq. 10.
The defendants acknowledge the principle as applicable between creditors of the same debtor, but contend that as the complainant is now the owner of the common security, the doctrine of marshaling the assets no longer obtains. The complainant is still a creditor. The deficiency upon his decree is more than double the value of the shares. By going forward with the foreclosure of his mortgage and exhausting his security, the complainant did not prejudice his equity in the collateral and marshaling of the securities held by the senior creditor. The amount bid by him at the sale, subject to the first mortgage, fixed the value of the common security, and the sum realized under his foreclosure being insufficient to pay his debt, the collateral inured to him as creditor upon redeeming the prior mortgage. Whittaker v.Belvidere Roller Mill Co., 55 N.J. Eq. 674. The shares will be ordered delivered to the complainant. *Page 309