There can exist no doubt touching the rights of the respective parties herein. The only issue is the claim of defendant Smedley, as owner of the second mortgage, that, as against him, complainant's mortgage should be charged with payment to the amount of the value of certain pledged stock. Complainant, the elder creditor, possessed two securities, only one of which was subject to the lien of the junior creditor. In the absence of intervening equities this entitled the latter, as owner of the second mortgage, to have the former, as owner of the first mortgage and pledgee of the stock, to apply, in the first place, the security peculiar to itself. It appears herein that with actual knowledge of the existence of the second mortgage complainant voluntarily surrendered the stock, its peculiar security. It follows that as against the second mortgage the first mortgage must be held to have been paid to the extent of the value of the stock at the time of its relinquishment.
It appears, however, that $755.70 was at that time applied to delinquent dues, fines, interest, insurance premiums and delinquent taxes. Since these applications enured to the benefit of the second mortgage that amount will be deducted from the withdrawal value of $1,099.50, and a credit will be imposed upon complainant's mortgage for only the difference. The following authorities fully support the views above stated. Herbert v.Mechanics Building and Loan Association, 17 N. *Page 49 J. Eq. 497; Washington Building and Loan Association v.Beaghen, 27 N.J. Eq. 98; Bacon v. Devinney, 55 N.J. Eq. 449;Sudbury v. Merchantville Building and Loan Association, 57 N.J. Eq. 342.
A reference may be made to a master to ascertain the amount due on the respective mortgages.