The complainant, executor of the will of John Morgan, seeks instruction and direction as to his duty under the ninth paragraph of testator's will. The will is dated April 29th, 1940, and the testator died January 21st, 1941. That paragraph is as follows:
"I hereby empower and order my executor * * * to * * * sell * * * my real property known as 76 West 28th Street, Bayonne, New Jersey, as soon after my death as is convenient * * *. After said sale my executor shall distribute the proceeds thereof, share and share alike, to the following:" naming seven of testator's relatives. *Page 210 
The will directs payment of the testator's just debts, provides for several money legacies, devises testator's interest in Pennsylvania real estate and, by the twelfth paragraph, bequeathes all the residue of the testator's personal property to his brother-in-law, Carl A. Hoff.
The testator had executed his bond and mortgage to Home Building and Loan Association dated September 3d 1929, to secure the payment of $3,600, which mortgage covers the premises described in paragraph 9 of his will. Both bond and mortgage provide for repayment of the loan by specified monthly payments, therein called dues, on eighteen shares of stock of the Association owned by the testator and assigned to the Association as collateral security for payment of the loan, together with monthly payments of interest, until said shares should attain the value of $200 each. He made payments to the Association on said shares according to the terms of his bond and mortgage up to the time of his death, and under the Association's constitution he became entitled to earnings of the Association apportioned to said shares, so that at his death the shares had a withdrawal value as fixed by the Association of $2,564.82 and the net amount then due the Association on his obligation was $1,035.18, after crediting thereon the withdrawal value of the shares.
The defendants Carl Hoff, Jr., and others, who are the persons claiming the proceeds of sale of the mortgaged premises under paragraph 9 of testator's will, contend that on sale of said premises the withdrawal value of said shares should be credited on the mortgage debt and that they should receive the proceeds of sale less the mortgage debt as so reduced.
The defendant Carl A. Hoff, residuary legatee of testator's personal property under the twelfth paragraph of the will, contends that said shares constitute part of testator's personal estate; that the payments made by testator to the Association were not on account of the mortgage debt but as dues on said shares; that the value of the shares should not be applied in reduction of the mortgage debt but should be administered by the executor as part of testator's personal *Page 211 
estate and that the portion of such value remaining after payment of testator's debts and legacies, should be paid to him.
Because of the conflicting claims the executor believes he cannot sell said premises (since a sale will involve ascertainment of the amount required to discharge the mortgage) until it is determined how the pledged shares of stock should be treated.
At common law an heir or devisee was entitled to exoneration of the real estate from a mortgage, by payment thereof out of the personal estate (Hill v. Hill, 95 N.J. Eq. 233) but R.S.3:26A-1 provides:
"When real estate subject to a mortgage descends to an heir or passes to a devisee, such heir or devisee shall not be entitled to have such mortgage discharged out of the personalty or any other real estate of the ancestor or testator, but such real estate so received by him shall be primarily liable for the mortgage debt, unless the will of the testator shall expressly or impliedly direct the mortgage to be otherwise paid."
The first direction in the testator's will that his just debts shall be paid, is not sufficient to overcome the provisions of the cited statute (Commonwealth-Merchants Trust Co. v. Seglie,127 N.J. Eq. 160) and nothing in the will, either expressly or by implication, directs payment of the mortgage out of testator's personal estate. But the beneficiaries under the ninth paragraph of the will are not devisees of the premises therein mentioned. Where land is directed to be converted into money by an executor with direction to distribute the proceeds, such proceeds are to be regarded as gifts of money to the distributees and not as a devise of real estate. (Triplett v. Ivins, 93 N.J. Eq. 202.) The statute being in derogation of the common law should be construed strictly, and therefore it may be argued that the statute does not apply and that the common law rule should prevail, with the result that the mortgage in question should be paid out of testator's personal estate. However, determination of the question here presented need not be made on such a technical ground. It should be based on what appears to be the equitable rights of the parties. *Page 212 
In cases involving the type of mortgage here under consideration it has been held that payments made by a mortgagor to a building and loan mortgagee are not to be considered as made on account of the mortgage but in performance of the mortgagor's contract as a purchaser of the stock assigned as collateral to the mortgage. (Clarksville Building and Loan Association v.Stephens, 26 N.J. Eq. 351; Sudbury v. Merchantville Buildingand Loan Association, 57 N.J. Eq. 342.) It has also been held that prior to maturity of such assigned shares, all that the building and loan mortgagee can require from the mortgagor in satisfaction of the mortgage is the difference between the debt and the value of the shares, before having recourse to the land (Red Bank Mutual Building and Loan Association v. Patterson,27 N.J. Eq. 223; Union Building Loan Association v. MasonicHall Association, 29 N.J. Eq. 389; Schaefer v. Metzger,105 N.J. Eq. 307) and that where third parties assert rights in the mortgaged land or assigned stock, the building and loan association should be required to marshal the assets it holds and sell the stock before looking to the land for its debt. (Herbert v. Mechanics Building and Loan Association, 17 N.J. Eq. 497; Phillipsburg Mutual Loan and Building Association v.Hawk, 27 N.J. Eq. 355; Pitman Building and Loan Association v.Wright, 106 N.J. Eq. 47.)
The mortgagee's constitution in force at the date of the mortgage provided that should any shareholder desire to have his property discharged from his mortgage before maturity of the series in which the loan is placed, he shall be allowed to do so by paying the amount of the mortgage in the shares pledged as collateral, computed at their withdrawal value, and the balance in cash.
The testator's assignment of the shares provides that in case of default in monthly payments thereon, the mortgagee is authorized to sell the shares at auction and apply the proceeds to payment of its loan; that the assignor elects to treat all past and future payments of dues as credits on his bond and mortgage and authorizes and directs the mortgagee to so appropriate and credit the same. It is the testator's explicit *Page 213 
direction that all dues he has paid or shall pay on the assigned shares, shall be applied in reduction of the debt evidenced by his mortgage and it and the association's constitution disclose that when he executed his will it must have been his understanding that his shares of stock, or the value thereof, would be applied in reduction of the mortgage debt and would not pass to his residuary legatee. His gift to the persons named in the ninth paragraph of his will was, in effect, of the proceeds of sale of land subject to the debt he had originally charged against it but as reduced by such payments as he had made prior to the execution of his will and as he might make thereafter on account of the assigned stock. (Langstroth v. Golding, 41 N.J. Eq. 49-54.)
The executor may sell the land either free of the mortgage or subject thereto. If he adopts the first method he will be required to discharge out of the proceeds of sale the debt as secured by the mortgage and stock, in which event all that he must pay the mortgagee is the difference between the face of the mortgage and the withdrawal value of the assigned collateral. If he adopts the second method and sells the testator's equity in the land, the purchaser will take that equity subject to the mortgage to the extent of that sum of money which the building and loan mortgagee will be entitled to exact from him. Under the second method of sale the executor may assign the estate's title to the stock to the purchaser who may take advantage of its withdrawal value or continue monthly payments thereon until the shares mature. Under either method of sale the net proceeds will be distributable to the persons entitled thereto under the ninth paragraph of the will.
The complainant executor is advised that the bequest to the defendant Carl A. Hoff of the residue of testator's personal property, so far as the shares of building and loan stock in question are concerned, is subject to testator's assignment of said shares to the building and loan association; that the withdrawal value of the shares is applicable to reduction of the original debt stated in the mortgage and that the shares do not pass to said defendant under the terms of testator's will. *Page 214