### BARNES CYCLE COMPANY

*v.*

### JOSEPH E. HAINES et al.

[Decided July 1st, 1905.]

1. A judgment recovered for the price of goods sold and delivered is a provable debt under the United States Bankruptcy law of 1898, and is released by a discharge of the defendant obtained under that law. In order to be saved from the operation of such a discharge the judgment itself must have been recovered in an action for fraud, or obtaining property by false pretences or false representations, or for willful and malicious injuries to the person or property of another, &c., as prescribed by clause 2 of section 17 of that law.

2. A testator, by his will, gave his homestead and its furniture to his wife during her natural life, and some railroad stock and a cash fund to a trustee for the benefit of his wife during her natural life, and disposed of the remainder in that property by the following clause: "And it is my will that, from and after decease of my wife, I give, devise and bequeath all my estate heretofore willed to my wife, and in trust for her benefit, unto such child or children as I shall leave or have living at the time of my decease, and to their heirs and assigns forever; and the representative of any deceased child to have the share of his, her or their parents *per stirpes.*"—*Held*, the children of the testator, all of whom survived him, took upon his death a vested interest in the remainder. The construction of this clause in the will is controlled by the decisions of the court of errors and appeals in the cases of *Howell, Executor,* v. *Green, Administrator, 31 N. J. Law (2 Vr.) 570,* and *Post* v. *Herbert's Executors, 27 N. J. Eq. (12 C. E. Gr.) 540.*

On bill, answer and proofs.

This complaint is the statutory bill for discovery of the property of defendants in a judgment at law, on which an execution has been returned unsatisfied. *P. L. 1902 p. 534 § 70.*

The complainant recovered a judgment on the 29th day of January, 1898, in the supreme court of New Jersey, against both defendants, trading as the Berkley Cycle Company, for $2,177.30 damages and $35.94 costs, issued execution thereon on July 8th, 1904, to Camden county, which was returned unsatisfied.

The complainant files this bill alleging that gifts of Joseph M. Haines, the father of the defendants Joseph E. and Abel Haines, to them, by his last will, are equitable assets of those defendants, applicable under the statute to the payment of the above-named judgment. The father died in 1901. His will is dated February 12th, 1896. It was proven August 13th, 1901, and contained these clauses:

"*Third.* I give, devise and bequeath unto my wife, Martha A. Haines, the house and lot at Mount Ephraim where I now reside. Together with all the household furniture contained therein for and during her natural life.

"*Fourth.* I give, devise and bequeath unto J. J. Albertson, of Magnolia, New Jersey, in trust for the benefit of my wife, Martha A. Haines, (first) one hundred and twenty shares of the capital stock of The Pennsylvania Railroad company, and (second) the sum of six thousand two hundred and fifty dollars ($6250.) in cash or in good securities, for and during her natural life, which bequests are hereby made to her and for her benefit in lieu of her dower in my lands.

"*Fifth.* And it is my will, that from and after decease of my wife, I give and bequeath all my estate heretofore willed to my wife, and in trust for her benefit unto such child or children as I shall leave or have living at the time of my decease, and to their heirs and assigns forever, and the representative of any deceased child to have the share of his, her or their parents *per stirpes*.

"*Sixth.* I give, devise and bequeath all the rest, residue or remainder of my estate which shall belong to or be owned by me at the time of my death, to my five children, to wit: Joseph E. Haines, Emily M. (now) Dobbs, Abel Haines, Martha R. Haines and Harry C. Haines, to be divided equally among them, share and share alike; and to the representative of any deceased child to have the share of his, her or their parents *per stirpes*."

The defendants answer separately, but by the same solicitor. The defendant Joseph E. Haines admits the complainant's judgment, execution and its return unsatisfied. He admits the above-recited will of his father, and that a considerable sum of money is about to become due to him under the provisions of

that will, but he denies that anything is due or collectible under the complainant's judgment, for the reason that on October 22d, 1900, he filed his petition in bankruptcy in the United States district court of New Jersey, and was, on the 31st day of December, 1900, discharged by that court from all provable debts which existed on October 22d, 1900, save only those which are excepted from the operation of a discharge in bankruptcy. He further avers that the complainant's judgment is not within that exception.

The defendant Joseph E. Haines further answers that the complainant, though aware of his discharge in bankruptcy, purposely disregards it and intends to ignore it, and he insists that by reason of his said discharge in bankruptcy, the complainant is precluded from filing its said bill of complaint for discovery in aid of its judgment and execution, &c., and that the prosecution of its suit is contrary to law.

The other defendant Abel Haines also answers, admitting the complainant's judgment, execution, return, &c.; also the death of Joseph M. Haines in 1896, leaving his will as set forth in the bill of complaint. The defendant Abel Haines also admits that the amount to become due under that will will be a considerable sum of money, but he denies that it is now due or likely to become due within any reasonable time. He denies that at the time of the filing of the bill of complaint he had any personal property which belonged to him, or in which he was in any way beneficially interested, or that he had any equitable interest in anything in action of any nature or kind.

Issue was joined on these answers and the cause was heard thereon.

*Messrs. French & Richards,* for the complainant.

*Mr. Francis D. Weaver,* for the defendants.

GREY, V. C.

The defendant Joseph E. Haines sets up as his sole defence to the complainant's claim his discharge in bankruptcy by the

United States district court on December 31st, 1900, from all his provable debts which existed on October 22d, 1900, save those excepted by the United States Bankruptcy act from the operation of that discharge. It is not denied that the complainant's judgment was a provable debt under the Bankruptcy act of 1898, which would be released by a discharge, unless it was within the second class of exceptions from the operation of that act, *i. e.,*

"judgments in actions for fraud, or obtaining money by false pretences or false representations, or for willful and malicious injuries to the person or property of another."

The complainant admits that its judgment was obtained in an action for the price and value of goods furnished to the defendants Joseph E. and Abel Haines. In order to bring its debt within the above-quoted exception, it has offered proof in this cause to show that these goods were sold to the defendants upon the faith of a written collateral guarantee, and that the defendant Joseph E. Haines, by a *suppressio veri* regarding the legal incapacity of his guarantors, induced the complainant to make the sale. The complainant contends that this was an obtaining property by false pretences, and that a debt arising from such a transaction is not released by a discharge in bankruptcy.

If the second clause of section 17 of the Bankrupt act is carefully read, it will be observed that the debts saved by it from the operation of the discharge are *judgments* in actions of a certain character, viz., in actions for fraud, or obtaining property by false pretences or false representations, or for willful and malicious injuries, &c.

To be within the exception, it is not enough that there may have been fraud in the creation of the debt, and certainly not enough that there may have been a *suppressio veri* in the giving of a guaranty securing payment of the debt. The provable debt, to be within this exception, must itself have been a *judgment recovered in an action brought for fraud,* &c. This quality the complainant admits its judgment does not possess. Its judgment was recovered simply for the price of goods sold and de-

livered, not for any fraud whatever. This construction of this exemption clause is given both by the federal courts, *In re Blumberg, 94 Fed. Rep. 476,* and by our own courts, *Barnes Manufacturing Co.* v. *Norden, 67 N. J. Law (38 Vr.) 493.*

It must be held that the complainant's debt as against the defendant Joseph E. Haines was released by the subsequent discharge of Joseph in bankruptcy, and as to that defendant the bill of complaint must be dismissed, with costs.

The testator appears to have dealt with the body of his estate in two portions, one consisting of the homestead and its furniture, certain shares of Pennsylvania railroad stock, and a sum of money he secured to the use of his wife during her natural life. The other, consisting of the residue of his estate, he gave directly to his five children by name, "to be equally divided between them, share and share alike, and to the representatives of any deceased child to have the share of his, her or their parent *per stirpes."*

There can be no question that the portion of the testator's estate included in this residuary gift under the sixth clause vested in his children as tenants in common, in equal shares, immediately upon the testator's death. The defendant Abel Haines was one of those children, and on his father's death became the owner of a one-fifth share in this residuary property. This appears to have been paid to him after the settlement of his father's estate. If any of this portion of the property of the defendant Abel Haines which came to him under the sixth clause of his father's will is now existent, the evidence in this case has failed to locate and identify it. This inquiry, therefore, is practically limited to the construction of the third and fourth clauses of the will of Joseph E. Haines, by which he gives the homestead and its furniture to his wife during her natural life, and the Pennsylvania railroad stock and the cash for investment to the trustee for the benefit of his wife during her life, and the fifth clause, which is above recited.

The widow of the testator is still living. Five of the testator's children survive him. They are all yet living. The defendant Abel Haines is one of them.

By the express terms of the statute (*P. L. 1902 p. 535 § 71*)

power is given to this court (if there be a judgment at law and an execution issued thereon returned unsatisfied, leaving a balance due exceeding $100), at the instance of the plaintiff, to compel the defendant to discover any property or thing in action belonging to him, and to force the application of the discovered property to the payment of the amount owing on the judgment.

In this case the complainant contends that the above-quoted fifth clause of the will of Joseph M. Haines gave the defendant Abel Haines property which the statute enables this court to apply to the satisfaction of the complainant's judgment.

The defendant Abel Haines, by his answer in this cause, admits the existence of the situation contemplated by the statute. He admits the fact that he has the possibility of an interest in the homestead and its equipment, and in the railroad stock and the cash invested, in all of which his mother enjoys a life interest, and thus makes the discovery contemplated by the statute, but he denies that his interest in the property referred to is a vested estate, and contends that is a contingent interest, which will vest only in case he shall outlive his mother, the widow of the testator.

The jurisdictional incidents prescribed by the statute are admitted. The defence is put upon the ground that when discovery of the defendant's property is made according to the statute it shows that his estate in it is not such an interest as can under the law be applied to satisfy the amount admittedly due on the complainant's judgment.

The defendant Abel Haines bases this contention upon the fifth clause of his father's will, above recited, insisting that a proper construction of that clause must declare that his fifth part in remainder in the homestead and its equipment and furniture given to the widow for life, and in the railroad stock and the cash investment given to the trustee for the benefit of the widow during her life, is a mere possibility; that if he shall survive his mother he may, upon her death, receive that fifth interest, and that the statute does not reach out to and apply a contingent interest such as this to the payment of judgments of creditors.

Whether the defendant Abel Haines has, under his father's

will, in the property in remainder a vested or a contingent interest is the question raised by the answer and the proofs in this cause.

The testator's dominant purpose in making this will plainly appears on its face. His first and controlling object was to provide a home and maintenance for his wife during her life. This is shown by his devise of the homestead and its. equipment to her during her natural life, and by his creation of a trust fund in Pennsylvania railroad stock and in cash which should produce for her an income during her natural life.

Having accomplished this principal object of his will, he gave all the rest of his estate to his children.

In prescribing who shall take the remainder of the property set aside for the widow for her life, the testator gives it to such of his children as shall be living at the time of his death and to the representatives of any deceased child who are to have the deceased parent's share. This provision that the share of any deceased child should go to his representative clearly referred to the possibility that any child of the testator might have predeceased him leaving a child or children. He evidently contemplated the time of his decease as the period when those who were to take the remainder should be in being.

In fact, there were no children who predeceased the testator, leaving children. This fixes as a certainty the remaindermen. They were those children of the testator who were living at the time of his death. The five persons named in the bill of complaint, of whom the defendant Abel Haines is one.

That defendant insists that the expression "from and after decease of my wife, I give," &c., is a declaration of the testator's intent that the title to the remainder of the estate shall vest only upon the happening of the decease of his wife, and therefore only in those of his children who should survive her and in the representatives of any child who should have predeceased her.

This construction conflicts with the express words of the testator. In selecting the class of persons which should take, he declared it to be those children who should be living *at his death,* not at his wife's death.

It is true that the remainder of the estate secured to the

widow during her life is expressed to be given over "from and after" her death, and that the general rule is that when a period is thus related, not to the payment merely, but to the gift itself, the legacy does not vest until the period arrives. *Gifford* v. *Thorn, 9 N. J. Eq. (1 Stock.) 729.*

The court of errors and appeals, though recognizing the rule above stated, has declared that it is an equally well-settled rule of construction that where an absolute property in a fund is bequeathed in fractional interests in succession, at periods which must arrive, the interests of the first and subsequent takers will vest together. *Howell, Executor,* v. *Green, Administrator, 31 N. J. Law (2 Vr.) 570.* In that case the testator bequeathed to his sister the interest of $1,000 during her natural life. Then follows this gift over, "and after her decease I give and bequeath the said $1,000 to her two daughters Deborah and Sarah, to be equally divided." The legacy to Sarah lapsed because of her death in the lifetime of the testator. Deborah survived the testator, but died before her mother, and the question was whether the legacy to Deborah vested at the death of the testator or depended upon the contingency of her surviving her mother.

It should be observed that the words of gift in the case at bar are "from and after decease of my wife I give," &c. In the case cited they are "after her decease I give," &c. Their legal significance is the same.

The supreme court held that the case was controlled by the principle above referred to, that a gift in fractional interests in succession, at periods which must arrive, &c., will vest the first and subsequent interest at the same time. That the death of the mother was certain to happen, sooner or later, and there never could be any doubt that the event in which the daughters would take would come to pass. That the language of the will was equivalent to saying: "I give this $1,000 to my sister and her two children, she to have it during her life, they to have it after her death." *Green* v. *Howell, 30 N. J. Law (1 Vr.) 326.*

The court of errors and appeals unanimously affirmed this judgment, approving the language quoted.

In the same case the court of errors and appeals also declared

that the gift to the daughters was merely postponed to let in the mother's life interest (at *p. 573*), and that in such cases the remainder over will be held to be vested.

This principle of construction is more elaborately discussed by the court of errors and appeals in the case of *Post* v. *Herbert's Executors, 27 N. J. Eq. (12 C. E. Gr.) 540,* where it is declared that if upon the whole will it appears that the gift over is only postponed to let in some other interest, it will be held to be vested, although the time of its enjoyment may be postponed.

These cases are the accepted law of this state, and must control all others which come within their scope.

In the case at bar the testator, as above shown, gave the remainder over to those of his children who might be living at the time of his death and their representatives then living. He evidently used the words "from and after decease of my wife" to apply, not *to the gift,* which intended those children to have who were living at his own death, but *to the time* when those children should enjoy that gift, namely, after the death of his wife. There is no gift over to anyone else in case at his death neither his children nor representatives (descendants) of them were then living. The testator plainly meant to give his whole estate in the homestead and furniture and in the trust fund for the benefit of his wife during her life, and absolutely to his children and their representatives who were surviving him at his death. He postponed their possession of this gift until the death of his wife, in order to allow his wife to enjoy her life estate in the same property.

The result is that it must be held that the defendant Abel Haines became seized and possessed of a vested interest in an undivided one-fifth part of the homestead and furniture and in the railroad stock and trust fund upon the death of the testator.

A decree will be advised accordingly.