SIMON OTT, sole surviving executor of George E. Tewksbury, deceased,

*v.*

CHARLOTTE TEWKSBURY et al.

[Decided October 31st, 1908.]

Testator in general terms gave half his estate to his widow for life, and at her death to his issue surviving her; and besides the general rule of construction in such a case, without more, that the personal property is to be converted and invested by the executors, and the income only paid to the life tenant, other clauses expressly authorizing the executors to sell any or all of the personal property and invest the proceeds, and to sell the real estate, and expressly directing that the management of real estate

in which O. was interested with testator should continue with him, indicated that the whole estate should be converted by the executors and invested by them; they paying the income to the widow.—*Held*, that a contrary intention, that she should have possession of the principal, overcoming this, was not shown by the provision expressing the desire of testator that his widow should, out of his personal estate, make such gifts to certain friends (preferably money to two of them) as they should desire and the executors should approve.

Heard on bill, answers, replication and proofs.

*Mr. Alonzo Church* (*Munn & Church,* solicitors), for the complainant.

*Mr. Alfred F. Skinner* (*Pitney, Hardin & Skinner,* solicitors), for the defendant Charlotte Tewksbury.

*Mr. William T. Carter, Jr.,* for the infant defendants.

EMERY, V. C.

One question was reserved on the hearing of this case, which is a bill filed by an executor for the construction of a will and directions as to payment of a legacy to the tenant for life. The testator, George E. Tewksbury, a resident of this state, died possessed of considerable personal property, and also of real estate situate mainly out of this state. By his will, after first directing payment of his just debts and funeral expenses, he gave, devised and bequeathed to his wife, "one-half of all my estate, both real and personal, during her natural life, and at her death to my lawful issue her surviving." One child is living, the infant defendant, of whom the wife has been appointed guardian. The remaining half of his estate, both real and personal, was devised and bequeathed to his lawful issue him surviving. After these two general bequests and devises by the second and third items of his will, disposing of all his estate, real and personal, after payment of debts and funeral expenses, the testator makes devises and bequests, which, being subsequent, qualify or affect the previous gifts. By the fourth item, he directs that a house and lot in New Hampshire, in which his mother was living, and which (as appears by the evidence in the cause) testa-

tor claimed to be his property, be sold and the proceeds divided, one-half to his wife, and the other half to the defendants, his sister and brother, equally. This property has been sold and the one-half of the proceeds to which the wife is thus entitled absolutely, is in the executor's hands for payment to her, subject to his accounting and payment of this one-half should payment be made to the widow, as directed on the hearing.

The fifth clause directs that the sale and management of the real estate in which testator was jointly interested with his partner, Simon S. Ott, of Topeka, Kansas, shall be left entirely to his discretion.

The sixth and seventh clauses are as follows:

"Sixth. I desire that my wife shall out of my personal estate make such gifts to my friends Howard W. Hayes, my long and faithful partner Simon S. Ott, my uncle Col. A. S. Johnson and his wife, L. A. Johnson, (which I suggest in their case shall be money) as they may desire and my executors may approve.

"Seventh. I authorize my executors to sell and dispose of any or all of my personal property at public or private sale at their discretion and to invest the proceeds thereof whenever in their judgment such course shall be necessary or advisable for the carrying out of any of the provisions of this my will. I also empower them to sell and dispose of any or all of my real estate at public or private sale at their discretion."

Howard W. Hayes, of Newark, and Simon S. Ott, of Topeka, were appointed executors and took out letters in this state, and Mr. Hayes having since died, Mr. Ott, as surviving executor, has filed his account in the orphans court for settlement. All of the real estate has not been sold, but some of it has been converted, together with the personal property, and the debts have been paid. The widow of testator, as entitled to one-half of the estate, claims payment directly to her of one-half of the principal fund ready for distribution under the second clause of the will, tendering herself ready to give security, if required under section 8 of the act concerning legacies, of May 17th, 1894 (*P. L. 1894 398; Gen. Stat. 1939, ¶ 12*), providing

"that whenever personal property is bequeathed to any person for life * * * the executor shall not be compelled to pay or deliver the property so bequeathed to the person having any such life interest * * * until security shall be given to the orphans court in such sum and form as

in the judgment of the said court shall sufficiently secure the interest of the person or persons entitled in remainder, whenever the same shall accrue or vest in possession."

The question for decision is whether one-half of the property in the hands of the executor for distribution on the settlement of his account shall, on this claim of the widow under the general devise and bequest be paid over to her (on giving security, if required), or whether the executor must retain this one-half for investment, paying to the widow only the income. The property sought to be paid over consists of the proceeds of personal property and of real estate which have been converted, and is now held for the trusts of the will. The general rule in relation to payments or delivery to the life tenant of personal property or the principal, to the income or use of which he is entitled for life, is the one declared by Lord Eldon in the leading case—*Howe* v. *Earl of Dartmouth* (*1802*), *7 Ves. 137,* that where personal property is bequeathed for life, with remainders over, in general terms and not specifically, the property is to be converted and invested by the executors, and the income only paid to the life tenant. This general rule has been approved in so many cases in this state as to have become a settled rule of construction and it must prevail unless there be in the will an indication of contrary intention, and that the tenant for life is to enjoy the possession of the property *in specie* and as given specifically. *Ackerman's Administrators* v. *Vreeland* (*Green, Chancellor, 1861*), *14 N. J. Eq.* (*1 McCart.*) *23, 27, 28;* *Rowe's Executors* v. *While* (*Green, Chancellor, 1863*), *16 N. J. Eq.* (*1 C. E. Gr.*) *411, 416;* *Howard* v. *Howard's Executors* (*Green, Chancellor, 1864*), *16 N. J. Eq.* (*1 C. E. Gr.*) *486;* *Parker's Executors* v. *Moore* (*Runyon, Chancellor, 1874*), *25 N. J. Eq.* (*10 C. E. Gr.*) *228, 233;* *Helme* v. *Strater* (*McGill, Chancellor, 1894*), *52 N. J. Eq.* (*7 Dick.*) *591, 605.*

In reference to the indications of such contrary intention, it is claimed on behalf of the life tenant that the tendency of the courts, as shown by the later cases, has been to allow small indications of intention as sufficient to prevent the application of the rule. The decision of Vice-Chancellor Wigram in *Hinves* v. *Hinves* (*1844*), *3 Hare 609, 611,* and of Leach, M. R., in *Col-*

*lins* v. *Collins (1833), 2 Myl. & K. 703,* and in *Pickering* v. *Pickering (Lord Cottenham, 1839), 4 Myl. & C. 289,* are cited as illustrations of this tendency. But in a still later case, *Macdonald* v. *Irvine (1877), 8 Ch. Div. 101,* where the general rule and the effect of these cases on its application was considered, it was concluded by the court of appeal that it was altogether a question of a fair and reasonable construction of the will, in reference to the intention of the testator that the property in question was to be enjoyed *in specie,* and that the general rule . requiring conversion was not to be applied. And it was said by Lord-Justice Thesiger (at *p. 122*), that in every case where such intention was found to exist (except one which was referred to as having gone almost to the extreme length consistent with the existence of the rule at all), there were either words in their natural and literal sense importing use or enjoyment of the property in the state in which the testator left it at his death, or directions contained in the will as to the conversion, which were inconsistent with a conversion by the court taking place upon the death of the testator. And it was further held to be the result of the cases, Lord-Justice James (at *p. 124*), that it was quite clear the rule in *Howe* v. *Dartmouth, supra,* must be applied, unless upon a fair construction of the will you find a sufficient indication of intention that it is not to be applied, and that the burden of establishing this was on the person asserting that the rule of the court should not be applied. This is the principle to be applied here and the test being, as I think it should be, whether the will, fairly construed, indicates such an intention that the property in question is specifically bequeathed and to be enjoyed *in specie,* as to make the general rule for conversion inapplicable, the question in the case is whether the sixth clause of the will, which is the only indication relied on, has this effect. None of the personal property is expressly bequeathed to the life tenant by description or *in specie,* and it is claimed that the direction in the sixth clause that his wife shall out of his personal estate make gifts to his two executors and two others (preferably money to these two), is a specific gift by implication, because it necessarily contemplates the possession of the personal property by the wife in order that she may make the

gifts. This claim made under this clause, which applies only to personal estate, cannot reach to so much of the fund in hand as is derived from the proceeds of sale of the real estate, and, if valid at all, would seem to reach to the possession of the whole personal estate and not merely of the one-half, for it is not given out of the widow's one-half, but out of the whole personal estate. The gifts also are subject to the approval of the executors, to whom in the first instance all the personal estate would ordinarily go, and who, by reason of this possession, are able to enforce the requirement of their approval. But independent of these considerations, the plain and natural construction of this whole clause, and one which is consistent with the whole will, is that the wife (who is not one of the executors) may take out of the personal estate, being the whole estate which comes to the hands of the executors, property or money as gifts to the four persons named. These gifts, which, as to character and amount are thus to be fixed by the wife at her discretion, subject only to the executors' approval, are then to be given to her by the executors for the purpose of gifts by her to the persons named. This construction of the clause carries the testator's whole intention, as expressed by this clause, into effect, while leaving undisturbed the general plan of conversion of the entire estate and investment by executors, made by the other portions of the will. For it must be further observed, as bearing on the question of the testator's intention that the property is to be enjoyed by the widow *in specie,* and not be converted, that we have in this will a case in which the general rule as to the testator's intention of conversion, derived from the formal terms of the bequest itself, is fortified by other clauses indicating specially an intention that the executors shall convert all of the estate and hold the proceeds, and that pending the conversion, the tenant for life shall not enjoy the possession of the property *in specie,* as it existed at testator's death. These clauses are those which expressly authorize the sale of any or all of the personal property at public or private sale, and the investment of the proceeds to carry out the provisions of the will, the express authority to sell the real estate, and the express direction that the management of the real estate in which Mr. Ott is interested with him shall

continue with him, thus excluding the tenant for life from any enjoyment *in specie* of these lands or of their proceeds of sale. These are express special indications appearing by the will that after the payment of debts and the delivery to the widow of the four gifts selected by her and approved by the executors, it is the testator's intention that the whole estate, real and personal, shall be converted by the executors and invested by them for the purpose of paying the income to the wife. Confirming, as they do, the application of the general rule as to conversion, which arises from the form of the bequest itself (a general bequest to persons taking in succession the same property), I must hold that the tenant for life is not entitled to demand of the executors the payment of the principal fund.