JOHN R. EMERY, FREDERIC W. STEVENS, EUGENE STEVENSON, LINDLEY M. GARRISON, EDMUND B. LEAMING, JAMES E. HOWELL AND EDWIN R. WALKER, VICE-CHANCELLORS.

---

ANNA P. COFFIN

*v.*

WILLIAM W. WATSON et al.

[Decided March 9th, 1911.]

1. In construing a will, the object to be attained is to determine the intent of the testator as gathered from the whole document as applied to the testator's situation.

2. On the question whether provisions for maintenance of children are trusts imposed on a parent, where no trusts are declared in express terms, the general rule is that, if the language in an instrument is sufficient to clearly express an intention that property shall be held in trust for the maintenance of children, the court will enforce the trust.

3. Where a bequest is made so that the legatee may use or dispose of the income for the benefit of himself and the maintenance or education of his children, the trust is in general created for the children in common with the interest of the parent.

4. Where a clause in a will directed the trustees to pay the testator's wife out of the income of his estate during her natural life, and at suitable periods, such sums of money that she should "want or require" for her comfortable maintenance, and, during the minority of his children, for the support, maintenance, and education of such children also, the power and duty of deciding upon the amount wanted or required for the support and maintenance of the widow and minor children was intended to be upon the executors as trustees rather than upon the widow, so that the words "want or require" are an expression of necessity, equivalent to "need," and not to "wish or desire."

Heard on bill, answer and stipulation.

*Mr. Ralph E. Lum* (*Messrs. Lum, Tamblyn & Colyer,* solicitors), for the complainant.

*Messrs. Riker & Riker,* for the defendants.

This suit involves the construction of the will of William P. Coffin.

The testator, who died in 1902, after first directing the payment of his debts, devised and bequeathed by the second clause of his will all his estate to his executors and trustees, in trust for the purposes specified in his will, with authority to sell. Then follows the clause now in question:

"*Third.* It is my will and I do order and direct my said executors and trustees to pay to my wife, out of the income of my estate, during her natural life and at suitable periods, such sums of money as she shall want or require for her comfortable support and maintenance, and during the minority of my children, for the support, maintenance and education of my children also."

The testator's widow and two children, both minors, survived him, and his widow has also one child by a previous marriage.

The executors have not paid to the widow the entire income of the estate, but have made monthly payments, gradually increasing from $175 per month to $350 per month, besides some extra allowances amounting to about $700. At their last accounting, and after making these payments, they had in hand a balance of income amounting to $5,666.43. The widow demanded of the executors the payment to her of this entire balance in hand, and, the executors refusing to make the payment, this bill is filed by the widow against the executors and the infant children. A sister of testator, who is an annuitant under a codicil to the will, is also made party defendant. By her bill the claim of the widow to the entire income is put on two grounds—*first,* that under the terms of the will she is entitled to receive from the executors all of the income of the estate. This claim is set out in paragraph 5 of the bill as an absolute claim to receive all of the income, and, by the same paragraph, the demand upon the executors, which was refused, seems to have been upon this claim, which does not appear to have been qualified or accompanied with any notice that it was demanded as being required for the purposes of support and maintenance of herself and the testator's children.

As to this claim, the executors by their answer, admitting that complainant has demanded the entire income and that they have refused to pay it, insist that she is entitled to receive from them so much of the income as they in their just discretion as trustees deem sufficient for her comfortable support and maintenance, and during the minority of the children for the support and education of the children.

The complainant's *second* claim to the payment, set out in paragraph 6 of the bill, is that the allowances made to her by the executors are not sufficient for her comfortable support and maintenance and the proper support, maintenance and education of her children, and that she requires all of the income for these purposes. As to this claim, the executors answer that in their judgment the amount now being paid is sufficient. At the hearing a stipulation was filed to the effect that no proof should be offered by either party as to the issues raised on this sixth paragraph of the bill, and the answer thereto, and that

any decree in this cause should be without prejudice to the complainant's present or future claim that she did not receive sufficient income for the purposes of support of herself and the testator's children.

The cause is now heard on the bill, answer and stipulation, without further proof, the parties desiring first to settle the claim of complainant as based on the absolute and unqualified right to demand of the executors and receive from them the entire income, without regard to any discretion of the executors as to the amount of the payments.

The other provisions of the will and codicil, which are referred to on both sides as bearing on the construction of the disputed *third* clause, are substantially as follows:

After directing the above payment "out of the income," the testator orders that should his wife at any time desire a dwelling-house built for occupancy, to purchase the necessary land and have the house built at such place as his wife desires "out of the principal of my estate," at such expense as they deem advisable, to be used by the wife free of rent, but to remain property of the estate. Then follow directions (paragraph 4) that when his son, Earl P. Coffin, reaches twenty-one "$5,000 be given to him of my estate," when he is twenty-five "$5,000 more be given to him out of my estate," and "when he is thirty years old $5,000 more." Directions for similar payments "out of my estate" are made (paragraph 5) for his daughter. The *sixth* clause directs,

"During the life of my said wife and even after her death until my children are at least thirty years old, it is my will that the residue and remainder of my estate remain intact, the income thereof to be used as heretofore provided during the life of my wife and after her death to be paid to my children in convenient payments during each year."

The subsequent provisions of the will relate to the payment to the children of their respective shares of the estate, in the event of the death of his wife after the children reach thirty years, or their arrival at that age after his wife's death. These payments of the children's shares are made dependent on the judgment of the executors as to their character and ability to manage their share of the estate. A codicil to the will directs

that the executors and trustees pay to the testator's sister, Isabel A. Coffin, "out of my estate, such sums as she may require towards her support during her natural life, not exceeding $200 per year." Neither the will nor the codicil contains any express direction for the accumulation of income unpaid or unappropriated, or express provision for the disposition of any such accumulation.

EMERY, V. C. (after statement of issues).

The claim that the wife is entitled under the *third* clause to receive the entire income if she demands it, is based mainly on the contentions that payment is to be made her out of the income, of "such sums of money as she shall want or require;" that the primary meaning of the words "want or require" as used by the testator, is equivalent to "wish for" or "demand," and is not equivalent to "need," and that the words should be taken in this primary sense, unless they be considered ambiguous, in which case the other portions of the will may be considered as throwing light on the testator's meaning in using them.

The other provisions relied on to support this meaning are the failure to provide for accumulations, and the direction in the sixth clause that during the life of his wife, and until the children are thirty years old, the income (of the residue of his estate) is *"to be used* as heretofore provided during the life of my wife, and after her death to be paid to my children in convenient payments during each year." These provisions, it is insisted, contemplate the *use* of the entire income during the wife's life, and the payment to the children of the entire income after her death, and are inconsistent with the right to accumulate any portion of the income by the executors during either period.

The executors, on the other hand, insist that the words "want or require," as here used by the testator, are equivalent to "need" or "be necessary" for certain purposes specified, and that a consideration of the other provisions of the will, in connection with the third clause, support this contention. These are—that in the same clause the different word "desire" is expressly used in reference to the providing of a house for the wife; that the

same word "require" is used in the codicil, directing the executors to pay to his sister "out of my estate, such sums as she may require towards her support, not exceeding $200 per year," and as. to the argument based on the failure to expressly provide for accumulations of interest or their disposition, it is answered that such accumulations are possible and will arise even under complainant's construction, if all the income is not demanded, and that any accumulations, from whatever cause arising, are included in the "residue" of the estate disposed of by the sixth clause.

Many citations of cases have been made bearing upon the construction of the words "want" or "require" as applied to the circumstances of special cases. Some of these arise under contracts, others under statutes, and others are manifestly controlled by the special circumstances of the case in which the purpose or object of the provisions controlled the meaning. I shall not cite or examine these in detail. The case in our courts cited as a precedent on the construction of the words is that of *Corlies* v. *Allen* (1882), *36 N. J. Eq.* (*9 Stew.*) *100.* In this case the testator had devised the residue of his estate to his executors, in trust, for the use and benefit of his daughter for life, the interest to be paid to her "as she may need or require," and after her death bequeathed the residue with accumulations to third persons. Chancellor Runyon held that the words "need or require," as here used, were equivalent to "as she may need or her necessities require," and that the daughter was entitled only to so much of the fund as the executors might deem reasonably necessary. The chancellor, for this construction, relied upon the testator's use of the word "require" as being substantially equivalent to "need," and upon the express direction for accumulations, and upon the fact that the other directions for payment of income were absolute. The circumstance that the life tenant was of weak mind also had weight.

The question in each will is the intention of the testator as gathered from the whole document, as applied to the situation of the testator, whose use of the words is in question.

In the present case one feature of the gift to the wife is controlling and affects the gift to her, with a trust in which she

together with testator's minor children are the beneficiaries. The *second* clause devises the whole estate to the executors in trust *for the purposes specified in his will*, and the *third* clause, proceeding to declare one of these purposes, directs payments to the wife for her comfortable support and maintenance, and the support, maintenance and education of the testator's minor children, of whom there were two. These directions of the objects for which the payments were to be made to the wife, were not mere indications of the motives of the testator in directing the payments to the wife, but were directions as to the purpose for which she was to receive them and the disposition of the income when received by her.

Upon the question whether provisions for maintenance of children are trusts imposed on a parent where no trusts are declared in express terms, the general rule is that if the language is sufficient to clearly express the intention that it should be held in trust for maintenance, the court will enforce the trust. *2 Pom. Eq. Jur.* § *1012*, and cases cited in notes. And where a bequest is made so that the legatee may use or dispose of the income for the benefit of himself and the maintenance or education of his children, a trust is in general created for the children in common with the interest of the parent. *Ibid.*, citing *Woods* v. *Woods, 1 Myl. & C. 401*, and several other English cases. In a later case, *In re Booth* (*1894*), *2 Ch. 282*, where a testator gave the residue of his estate to executors in trust (among other things) to pay the income to his wife "for her use and benefit and for the maintenance and education of my children," it was held that the wife took the income subject to a trust for the maintenance and education of the children, and that the trust was not limited to children under twenty-one or unmarried.

In the present case the directions as to its disposition were so connected with the gift of the income as to constitute a trust for the wife and minor children in so much of the income as "she wanted or required" for the purposes specified. Suppose the widow, after receiving the income, should fail to maintain the minor children, can there be any doubt that such maintenance would be enforced against her as a trust upon which the

money was received? In *Chase* v. *Chase, 2 Allen 101,* the will created a trust fund with directions to pay the income yearly to the testator's son "for the support of himself and his family and the education of his children," and it was held that the income when received by the son is taken in trust, and his wife and children can enforce its due appropriation in equity. Chief-Justice Bigelow says: "The adjudications recognize the rule that where income arising from property is left to a person for the maintenance of children, he will be entitled to receive it for that purpose only so long as he continues properly to maintain them," and that it can make no difference that the person who is to receive the income also has a beneficial interest in it for his own support.

If I am correct in reference to the trust intended to be imposed on the sums to be paid out of the income, the issue in reference to construction would seem to be narrowed to the point whether the testator, in creating this trust for maintenance from sums to be paid out of the income, intended to impose on the executors the duty of determining the amount to be paid to the widow for the purposes of the trust as being "such sums as she may want or require," or whether this duty was intended to be on the widow. If the duty of trustees in relation to determining the amount "wanted or required" for the purpose of maintenance was imposed on the executors, then the words "as she may want or require" are used as equivalent to "as she may need." If, on the other hand, this duty of a trustee was intended to be imposed on the wife, then the words "as she may want or require" are equivalent to "as she may wish or desire" or "ask for," and the amount to be paid out of the income for the trust purposes is left to the honest discretion of the wife, which, in the absence of bad faith, could not be questioned by the executors.

The decision of the question is not free from difficulty, but on the whole scope of the will and its application, the better view is, I think, that the power and duty of deciding upon the amount wanted or required for the purposes of the support and maintenance of the widow and minor children of the testator was intended to be upon the executors as trustees rather than upon the widow.

This conclusion is reached mainly in view of the facts—*first,* that the testator had already constituted the executors trustees of his entire estate to carry out all the purposes specified in his will; *second,* that the payments for support and maintenance are to be made by them "out of the income" already in their hands as trustees, and are not directions to pay the entire income; *third,* that the wife is not expressly declared to be entitled to receive all the income, but is to receive only sums which are limited to certain purposes, and *fourth,* that no express trust is imposed on the wife, although it is clear that she receives the income for the trust purposes of maintenance. The wife's duty and power as trustee was intended by the testator to relate only to the disposition of the money when received. The general direction, giving all his estate, which includes both principal and interest, to the executors, in trust, for purposes thereafter declared, is a very weighty, if not controlling, reason for concluding that these trusts of determining the amount required for maintenance, so far as they do not appear to be taken away from the executors and imposed on someone else, should remain with the executors.

The contention that, by reason of there being no express disposition of any accumulated surplus of income, it must be considered that there was to be no surplus, and therefore the widow must be entitled to all, is fully answered, I think, by the facts—*first,* that if the widow did not, in fact, demand all the income, there would be a surplus, and *second,* that any surplus income would be taken to pay the bequests to the son and daughter which are to be paid "out of my estate," not mentioning, as in the case of the other bequests, whether from the principal or income.

My present view is that the decision of the executors as to the amount required is not final, but is subject to review, and the practice in cases where the amount necessary for support is disputed would seem to be to direct an inquiry. *In re Booth, supra.*

On settlement of the decree I will hear parties as to this, if desired.