ELLA JEANNETTE LONG, executrix, &c., complainant,

*v.*

EDWARD L. KATZENBACH, attorney-general of the state of New Jersey, defendant.

[Decided December 17th, 1924.]

**Wills—Construction—Creation of Life Estate With Power of Disposal, and Remainder to Charitable Uses With Power of Testamentary Appointment in Holder of Life Estate.**

On final hearing.

*Mr. Henry M. Hartman,* for the complainant.

*Mr. Edward L. Katzenbach,* attorney-general, and *Mr. Francis H. McGee,* assistant attorney-general, for the defendant.

BUCHANAN, V. C.

Hannah E. Martin died testate in 1922, the owner of a certain parcel of real estate, in addition to personal property of about $20,000. The real estate comprises a house and barn, the residence of testatrix, worth about $8,000. The bill is filed by the executrix to determine the uncertainty as to the true intent and meaning of the will so far as it relates to the disposition of this real estate.

In addition to a number of small gifts, the will provides as follows, and these are the only portions material upon the present inquiry:

"Next, I give, devise and bequeath to my dearly beloved daughter, Ella Jeannette Long, all my remaining property wheresoever situated, both real and personal, for the use of herself and her husband, the Rev. Wm. A. Long, so long as they both shall live.

"I *allso* direct that whatever may remain after the death of my daughter, Ella Jeannette Long, and her husband, Rev. Wm. A. Long, shall be given to deserving charities. Such charities to be selected with thoughtful care by my said daughter and her husband.

"I further direct that they shall bequeath this money within one year after my death, or as soon as they become possessed of it. · I *allso* direct that it shall be given in the name of W. H. Martin and wife. I *suggest*, but do *not* command, that this bequest be in New Jersey."

There is no other clause effecting the realty.

Complainant, Ella Jeannette Long, is the sole surviving executrix, and is also the beneficiary named in the foregoing provisions. She is also the sole heir-at-law and next of kin of testatrix. Her husband, William A. Long, predeceased testatrix.

I have no doubt but that under the will (in view of the prior death of William A. Long) Ella Jeannette Long was given a life estate in the residuary estate, real and personal, including, of course, the residence property in question, with an added, unlimited power of disposal.

The gift, by the words of the will, is expressly a life estate, and in such case the beneficiary does not take a fee or an absolute estate by reason of the superadded power of disposal. *Wooster* v. *Cooper, 53 N. J. Eq. 682.* In the present case the added power of disposal is not express, but, I think, is clearly implied. See *Weaver* v. *Patterson, 92 N. J. Eq. 170,* where the question and the authorities are considered at length. The words "whatever may remain," in the present will, afford a stronger basis for the implication of the power of disposal than the wording in some of the other adjudicated cases, imparting a clear uncertainty as to whether anything will in fact remain.

I think it is also clear that testatrix intended to give a remainder, after this life estate and power of disposal, to charitable uses, with power of testamentary appointment in Mrs. Long and her husband, or the survivor of them, to designate the particular charities to be contingent beneficiaries of the remainder.

The complainant, of course, has a power of sale of the real estate. Her absolute power of disposal of the residuary estate necessarily includes a power to sell and convey the realty forming part thereof. Such power of sale would also be implied from the language of the testatrix, where, after providing for the disposition to charities of the contingent remainder of the entire residuary estate, she directs that the life tenants, in making this testamentary appointment of the charities, "shall bequeath this money," indicating a power of conversion.

A decree will be advised in accordance with the views herein expressed.