This is a bill for the construction of the will of Jessie D. Field.
The first question involves the construction of section A of the fourth clause, which reads as follows:
"I give and bequeath to his sister, Anna M. Field, the income from five thousand dollars for her life."
Who is entitled to hold the fund of $5,000, the income of which is thus bequeathed to Anna M. Field? There is no question in my mind but that the fund should remain in the hands of the executors. It is sufficient to cite in this connection Ott v.Tewksbury, 75 N.J. Eq. 4, 7. Vice-Chancellor Emery in his opinion says: *Page 533 
"The general rule in relation to payments or delivery to the life tenant of personal property or the principal, to the income or use of which he is entitled for life, is the one declared by Lord Eldon in the leading case — Howe v. Earl of Dartmouth
(1802), 7 Ves. 137 — that where personal property is bequeathed for life, with remainders over, in general terms and not specifically, the property is to be converted and invested by the executors, and the income only paid to the life tenant. This general rule has been approved in so many cases in this state as to have become a settled rule of construction, and it must prevail unless there be in the will an indication of contrary intention, and that the tenant for life is to enjoy the possession of the property in specie and as given specifically."
The second question relates to clause B of the fourth section of the will, which reads as follows:
"The residue of said estate to my son, William Thayer Field, the same to go to him with the right to use the income therefrom and from time to time to expend and consume for his living such portion of the principal as he shall need. Upon his decease, I give and bequeath the income of so much thereof as may remain to his widow, Emma L. Field, so long as she shall remain unmarried, with remainder to his children, share and share alike."
Does this provision create a fee in William Thayer Field or has he only a life interest? I think that the section above quoted gives to Mr. Field a life estate only. The leading case on this question is Downey v. Borden, 36 N.J. Law 460, in which (atp. 466) the court says that:
"As a rule of construction the principle is entirely settled, that where lands are devised in the first instance in language indeterminate as to the quantity of the estate from which an estate for life would result by implication, and words adopted to the creation of a power of disposal without restriction as to the mode of execution are added, the construction will be that an estate in fee is given; but where the quantity of the estate of the taker is expressly defined to be for life, the superadded words will be construed to be the mere gift of a power of disposition." *Page 534 
It will be observed that Mr. Field is restricted as to the mode of execution of his power of disposal. That is, he shall enjoy the income and may consume the principal, but only for his living and as he shall need. Also, the clause says: "Upon his decease so much thereof as shall remain shall be distributed," c. I cannot see that this language creates anything except a life estate.
In the case of Reeve v. Beekman, 42 N.J. Eq. 613; affirmed,44 N.J. Eq. 295, there was a gift to testator's daughter, Fannie, which was not expressly limited to her for life. A codicil to the will says that she shall have "so much of the principal as she may need and her circumstances require from time to time." The gift over was of whatever might remain at the time of her death. The court held that Fannie took only a life estate.
In Annin v. Vandoren, 14 N.J. Eq. 135 (at p. 144), the court said:
"The uncontrolled power of expenditure necessarily implies absolute ownership as fully as the power of disposing of it. And this difficulty can only be overcome by limiting the right of expenditure to so much as may be necessary for the support of the legatee."
In Cox v. Wills, 49 N.J. Eq. 130, which was affirmed as to this point, a testator gave the residue of his property to his wife and added the words "believing that she will make a will and thereby distribute so much of the last-named legacy among my near relatives as she may not use for comfortable maintenance." Vice-Chancellor Pitney held that the fact that the widow was limited in her expenditures of principal to so much as might be needed for her comfortable maintenance prevented her taking a fee.
Having found that William Thayer Field takes only a life interest, the question arises as to who shall control this fund, the life tenant or the executors.
My opinion is that the fund should be controlled by the executors, as they control as trustee the fund of $5,000 mentioned in paragraph 4. It should be noted that the remaindermen, under this clause, are the widow and the children *Page 535 
of William Thayer Field, and, more remotely, the trustees of Princeton University.
The children are in court, represented by a guardian adlitem, who filed an appearance. No counsel, however, appeared for the children. Should the court find that the life tenant is entitled to enjoy the possession of the fund, it might be that the fund would be dissipated, to the detriment of the remaindermen. Counsel says that the court would be able to control this, but the court would probably not know of the dissipation of the funds until it was accomplished, and there would be no chance to remedy such dissipation.
The testimony shows that all the property bequeathed by the clause under discussion is in the form of securities. The life tenant can enjoy his income if the corpus is in the hands of the executors just as fully as he could if the securities themselves were in his possession. His right is to the income only. Should he need any of the principal for his living only, by proper application to the executors, he would undoubtedly receive it, or, if they refused his request, an application to the court would bring about a proper adjustment.
Referring again to Ott v. Tewksbury, supra, we find the rule there stated that where personal property is bequeathed for life, with remainder over, the property is to be converted and invested by the executors and the income only paid to the life tenant.
Having come to the conclusions above set forth, it is unnecessary to consider the other points raised by counsel at the argument.
 I will advise a decree accordingly. *Page 536