STANISLAUS KUKIELSKI, executor and trustee,

v.

ALBERT KUKIELSKI et al.

[Decided June 24th, 1926.]

On appeal from a decree of the court of chancery.

Mr. Louis G. Morten, for the appellant.

Mr. William C. Cudlipp, for the respondent.

PER CURIAM.

Frank Kukielski died on the 4th of April, 1918, leaving a last will and testament executed in January preceding, by the terms of which he devised and bequeathed all his residuary real and personal estate to his brother, Stanislaus, as trustee. The provision with relation to the trust is as follows:

"The income and so much of the principal as to the trustee shall appear fit shall be, by the trustee, either paid over to my wife, Mary, and my children, Albert and Catharine, or any one or more of them; or shall be, by the trustee, applied to the care, maintenance and support of my said wife and my said children, or of any one or more of them, and to the expenses of the funeral and interment of my said wife and my said children, or of any one or more of them. If, on the death of the last survivor of my said wife and my said children, any balance of the estate hereby given, devised and bequeathed in trust shall remain, such balance, after paying the expenses of the funeral and interment of the last survivor of my said wife and my said children, shall be, by the trustee, paid, divided and distributed among those who, at the time of the death of the last survivor, would be my legal heirs-at-law, per stirpes, and not per capita."

At the time of the making of his will the testator's wife and his daughter, Catharine, were each of them insane and

incapable of governing themselves or their affairs. The daughter died in 1919 and the wife in 1922. The son at the time of the execution of the will was twenty-two years of age, and, so far as was then apparent, of sound mind. It would seem probable, however, from the language of the trust provision, that the testator in making it anticipated the possibility of the son being later affected by the same malady which had unbalanced the minds of his wife and daughter. Up to the time of the filing of the bill in the present case, however, the son's mental condition continued to be normal, and his contention in the court of chancery and before us was, and is, that he is now entitled to receive from the trustee, not only the income, but the whole of the principal of the trust estate. The vice-chancellor before whom the cause was heard held this view, and advised a decree directing the trustee to turn over to the son, not only the income, but also the *corpus,* notwithstanding the fact that the trustee considers that it is unwise to place the son in the absolute control of the latter. This appeal is taken by the trustee from so much of the decree, entered upon the advice of the vice-chancellor, as directs the present payment of that *corpus* to the son.

In our opinion, the portion of the decree now under review should be reversed. The testator did not intend that his son should come into the enjoyment of the *corpus* of the trust fund until such time as he should demonstrate his capacity to take care of it, and to attend to the ordinary affairs of life, business and otherwise. Whether at any given time this should become apparent was a matter which required an exercise of judgment on the part of someone. The testator selected his brother as the person who should exercise that judgment. This, of course, he had a right to do, and as was said by this court in *O'Gorman* v. *Crowley, 81 N. J. Eq. 520.* "The determination of that question by the person so selected is final, if the judgment exercised by the appointee is a sound and honest one." There is nothing in the proofs in this case which justifies the slightest suspicion against the honesty and integrity of the appellant. On the contrary, it

is not disputed that, in refusing to pay over the corpus of the estate to the testator's son, he is doing what he believes to be for the best interests of that son. It cannot be said that his conclusion is not sound. The fact that the minds of others differ with the appointee selected by the testator on this question is immaterial, for it was not upon their judgment, but upon the judgment of the person selected by him, that the testator saw fit to rely. *O'Gorman* v. *Crowley, supra.*

The portion of the decree appealed from will be reversed.

*For affirmance*—CAMPBELL, GARDNER, JJ. 2.

*For reversal*—THE CHIEF-JUSTICE, TRENCHARD, PARKER, MINTURN, KALISCH, BLACK, KATZENBACH, LLOYD, WHITE, VAN BUSKIRK, MCGLENNON, KAYS, HETFIELD, JJ. 13.